IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KRYSTAL INGRAM                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-CV-00210-NBB-RP

EXPERIAN INFORMATION SOLUTIONS, INC.;
UNITED STUDENT AID FUNDS, INC.;
NAVIENT SOLUTIONS, fka SALLIE MAE, INC.;
and UNITED STATES DEPARTMENT OF EDUCAITON                      DEFENDANTS

ORDER

This cause comes before the court upon the plaintiff's motion for reconsideration of the court's order granting the defendants' joint motion to enforce settlement agreements. Upon due consideration of the motion, response and applicable authority, the court finds as follows:

Plaintiff Krystal Ingram asserts claims against Defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*. During discovery, Ingram began settlement negotiations with Defendants. Specifically, Ingram offered to dismiss all claims with prejudice in exchange for Defendants' promise that they would not pursue any claims against her in connection with the instant litigation. Ingram, however, refused to file the agreed upon stipulations of dismissal. Instead, Ingram attempted to rescind her counsel's authority to settle *after* the agreements had been reached. Defendants subsequently filed a joint motion to compel enforcement of the settlement agreements which the court granted. Ingram now moves, *pro se*, for the court to reconsider its order granting the aforementioned motion to compel.

A district court may alter or amend a final judgment under Rule 59(e) upon one of four grounds: "(1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law." *Johnson v. Buentello*, 2010

WL 727752, at *1 (N.D. Tex. Mar. 2, 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). "A party may not use a Rule 59(e) motion to relitigate issues that 'should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.'" *Id.* (quoting *Peterson v. Cigna Group. Ins.*, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)).

In moving to reconsider, Ingram expresses significant dissatisfaction with her representation in this matter. Complaints regarding one's representation do not satisfy the above-articulated standard for reconsideration. Ingram additionally argues that "the terms of the agreement . . . should be reconsidered." Motions to reconsider, however, may not be used as a means for a dissatisfied party to renegotiate mutually agreed upon terms. The court further notes that Ingram not dispute that she entered into settlement agreements with Defendants nor does she deny the substance of those agreements. In fact, Ingram's sworn deposition testimony confirms the terms and existence of the agreements.

For the foregoing reasons, the court finds that Ingram's motion for reconsideration of the court's order granting Defendants' joint motion to compel enforcement of settlement agreements is not well-taken and is, therefore, **DENIED**. In accordance with the terms of the parties' valid and enforceable settlement agreements, Ingram's claims are hereby **DISMISSED with prejudice**. This case is closed.

**SO ORDERED AND ADJUDGED** this, the 27th day of April, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**